UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID ARRIGHI, INDIVIDUALLY
AND ON BEHALF OF HIS MINOR
CHILD, HUNTER ARRIGHI                CIVIL ACTION

VERSUS                               NUMBER 10-105-BAJ-SCR

CELEBRATION STATION
PROPERTIES, INC., ET AL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 14, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID ARRIGHI, INDIVIDUALLY
AND ON BEHALF OF HIS MINOR
CHILD, HUNTER ARRIGHI                    CIVIL ACTION

VERSUS                                   NUMBER 10-105-BAJ-SCR

CELEBRATION STATION
PROPERTIES, INC., ET AL

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Remand filed by plaintiff David Arrighi, individually and on behalf of his minor child, Hunter Arrighi.[1] Record document number 5. The motion is opposed.[2]

For the reasons which follow, the plaintiff's Motion to Remand should be denied.

### Background

This removed case is the same case that defendants Celebration

---

[1] At the time suit was filed and first removed to this court, Hunter Arrighi, whose full name is David Hunter Arrighi, Jr. (hereafter, Hunter Arrighi) was a minor. His date of birth is November 19, 1990. Civil Action No. 07-545-JVP-DLD, Record document number 27-4, Affidavit of Hunter Arrighi. The record reflects that although he has now reached the age of majority, he has not been substituted as a plaintiff. The Second Supplemental and Amending Petition for Damages filed in state court on January 7, 2010, still alleged that David Arrighi was bringing the claim on behalf of his minor child.

[2] Record document number 10. Unless noted otherwise, citations to documents are in Civil Action No. 10-105-BAJ-SCR.

Station Properties, Inc. and Century Surety Company removed on August 2, 2007.[3]  Defendants initially removed the case based on diversity jurisdiction alleging the fraudulent joinder of two defendants, the alleged manager on duty, Bill Barber, and the shift manager, Mariel St. Martin.[4]  After the first removal the plaintiff filed a Motion to Remand.  Plaintiff's motion was denied because the court determined that Barber and St. Martin were improperly joined.[5]

Approximately six months later the plaintiff moved for leave to file an amended complaint.  In the amended complaint the plaintiff sought to add a nondiverse defendant, Corporate Green, LLC.  The amendment to add Corporate Green was allowed and the case was remanded for lack of subject matter jurisdiction on September 30, 2008.[6]  The case proceeded in state court, and Corporate Green was eventually served with the petition and the first amended complaint on April 8, 2009.[7]  About six months later Corporate

---

[3] Civil Action No. 07-545-JVP-DLD.

[4] *Id.,* Notice of Removal, record document number 1.

[5] *Id.*, record document numbers 6 and 20.  The improper joinder of Barber was based on uncontradicted evidence presented by the defendants that at the time of the incident Barber was not employed at the Celebration Station in Baton Rouge.  The court found that St. Martin was improperly joined because the allegations and affidavit of Roger A. McKelvie demonstrated no possibility of recovery under *Canter v. Koehring*.

[6] *Id.*, record document numbers 44-48.

[7] Record document number 1-6, p. 46.

3

Green moved for summary judgment, which was granted and judgment was entered in its favor on January 20, 2010.[8] However, just four days before entry of summary judgment in favor of Corporate Green, the plaintiff filed a Second Supplemental and Amending Petition for Damages against Celebration Station, Century Surety, Corporate Green and added a new Louisiana defendant, Justin Lampkin.[9]

After the dismissal of Corporate Green and the filing of the Second Supplemental and Amending Petition for Damages, defendants Celebration Station and Century Surety removed this case a second time on February 10, 2010.  Defendants alleged that complete diversity was present based on the dismissal of Corporate Green by summary judgment on January 11, 2010 and the improper joinder of Lampkin.  Defendants also alleged that the actions of the plaintiff warranted application of the *Tedford*[10] equitable exception to the one year bar to removal in 28 U.S.C. § 1446(b).

Plaintiff filed this Motion to Remand on April 8, 2010. Plaintiff again moved to remand the case to state court and asserted the following grounds for remand: (1) defendants cannot establish the improper joinder of defendant Lampkin; and, (2) defendants' removal is barred by the one year time limit for

---

[8] *Id.*, pp. 64-66, 111-14.

[9] *Id.*, pp. 96-106.  Plaintiffs are Louisiana citizens. Record document number 1-6, Petition for Damages.

[10] *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003).

4

removal in § 1446(b).[11]

Based on the following applicable law and analysis, the record demonstrates that the defendants have met their burden of establishing subject matter jurisdiction, and that remand is not warranted on any procedural grounds.

## Applicable Law

### Improper Joinder

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied,* 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the

---

[11] The record shows that the required amount in controversy is satisfied. Record document number 1, Notice of Removal, ¶¶ XIV-XVII. Plaintiff did not assert that the jurisdictional amount is not met in this case.

joinder, not the merits of the plaintiff's case.  *Id.*

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).  In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant.  Stated another way, it means that here is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385 (5th Cir. 2009).  This means that there must be a reasonable possibility of recovery, not merely a theoretical one.  *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary inquiry.  *Id.*  In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party.  *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

**Individual Officer Liability**

The state law governing the court's analysis of the improper joinder issue in this case is Louisiana's law setting forth the circumstances under which a corporate officer or employee can be held individually liable for injuries to third persons.  This law is explained in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973).  In *Canter* the court adopted the following criteria for imposing liability on individual officers or employees for breaching a duty arising solely because of the employment relationship:

> 1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault.  The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances–-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
>
> 4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment.  He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.  If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally

>   at fault and liable for the negligent performance of this
>   responsibility unless he personally knows or personally
>   should know of its non-performance or mal-performance and
>   has nevertheless failed to cure the risk of harm.

*Id.* at 721; *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (2005).

**Removal Procedure and Procedure for Filing Motion to Remand**

Under § 1446(b) the time limits for filing the notice of removal are specified as follows:

>   The notice of removal of a civil action or proceeding
>   shall be filed within thirty days after the receipt by
>   the defendant, through service or otherwise, of a copy of
>   the initial pleading setting forth the claim for relief
>   upon which such action or proceeding is based, or within
>   thirty days after the service of summons upon the
>   defendant if such initial pleading has then been filed in
>   court and is not required to be served on the defendant,
>   whichever period is shorter.
>
>   If the case stated by the initial pleading is not
>   removable, a notice of removal may be filed within thirty
>   days after receipt by the defendant, through service or
>   otherwise, of a copy of an amended pleading, motion,
>   order or other paper from which it may first be
>   ascertained that the case is one which is or has become
>   removable, except that a case may not be removed on the
>   basis of jurisdiction conferred by section 1332 of this
>   title more than 1 year after commencement of the action.

The first paragraph of § 1446(b) applies only to civil actions in which the case stated by the initial pleading is removable, and the second paragraph applies only to civil actions in which the initial pleading states a case that is not removable.  The Fifth Circuit has held that the one year limitation for removal stated in the second paragraph of § 1446(b) applies only to that paragraph, that is, only to those state court cases that are not initially

removable. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 885-87 (5th Cir. 1998); *Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000).

Under the second paragraph of § 1446(b) a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action. This time limit was examined by the Fifth Circuit in *Tedford v. Warner-Lambert.* The court addressed whether the statute's one year limit on removal was absolute or subject to equitable exception. The court concluded that § 1446(b) was not inflexible and that the conduct of the parties may affect whether it is equitable to strictly apply the one year limitation on removal. Therefore, under circumstances which indicate that a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one year limit in § 1446(b) be extended. *Tedford,* 327 F.3d at 426-29.

Procedures after removal are generally set forth in 28 U.S.C. § 1447 and § 1447(c) provides in relevant part as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

Thus, if a plaintiff finds fault with a procedural element in removal he has only 30 days in which to move for remand. But if he asserts that the federal court lacks subject matter jurisdiction he

may move to remand at any time before final judgment. *Williams v. AC Spark Plugs Div. of General Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993).

Sections 1446(b) and 1447(c) are procedural provisions. *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir.), *cert.denied,* 506 U.S. 999, 113 S.Ct. 600 (1992).[12]  The Fifth Circuit held in *Barnes* that the one year time limitation for removal in second paragraph of § 1446(b) is procedural, not jurisdictional.  Therefore, a plaintiff who fails to move for remand on this ground within 30 days after the filing of the notice of removal, waives his right to object under § 1447(c).  *Id.; Tedford*, 327 F.3d at 426.[13]

## Analysis

### Defendant Justin Lampkin Was Improperly Joined

If the defendants cannot establish improper joinder then there

---

[12] Citing*, In re Shell Oil Co.*, 932 F.2d 1518, 1522-23 (5th Cir. 1991), *cert.denied*, 502 U.S. 1049, 112 S.Ct. 914 (1992)(plaintiffs waived any nonjurisdiction grounds for remand existing at time of removal by not moving to remand within 30 days of notice of removal); *In re Shell Oil Co.,* 932 F.2d 1523, 1528 (5th Cir. 1991)(companion case)(considering Congress' clear intent in enacting § 1447(c), court rejected argument that defendants waived objection to timeliness of remand motion by failing to raise their objection until five months after remand order).

[13] *See also, Southwest Mississippi Anesthesia, P.A., Inc. v. C&G Technologies, Inc.*, 2009 WL 1916395 (M.D.La. June 29, 2009)(failure to move to remand within 30 days of filing of notice of removal waives all objections to procedural defects; in Fifth Circuit one year time period under § 1446(b) is waived if plaintiff fails to timely move to remand under § 1447(c)).

is no complete diversity and the court lacks subject matter jurisdiction. Therefore, the alleged improper joinder of Lampkin must be addressed first.

Relying on the allegations in the Second Supplemental and Amending Petition for Damages and defendant Celebration Station's answers to interrogatories,[14] the plaintiff maintained that a viable claim has been alleged against Lampkin. Plaintiff asserted that defendants had a duty to inspect the golf course, and through discovery responses identified Lampkin as the employee to whom this duty was delegated. Plaintiff alleged that he breached this duty owed to the plaintiff through his personal fault, therefore, he is personally liable to the plaintiff for his negligence. According to the plaintiff, Lampkin is not relieved of personal liability for his negligence simply because his employer may be vicariously liable for his actions under a theory of *respondeat superior*.

Simply put, the plaintiff's arguments on the issue of improper joinder are cursory and unpersuasive. The conclusory allegations against Lampkin essentially duplicate the allegations against his employer, defendant Celebration Station.[15] Neither the allegations

---

[14] Record document number 9, Celebration Station's Answers to Interrogatories served on October 26, 2009, answers to Interrogatory Numbers 1 and 3; record document number 10-6, Celebration Station's Answers to Interrogatories served on October 16, 2008, answer to Interrogatory Number 5.

[15] Record document number 1-6, Second Supplemental and Amending Petition for Damages, p. 96, ¶¶ 7-9.

or the discovery responses contain any facts which distinguish Lampkin's alleged duty or negligence of from that of his employer. This demonstrates the plaintiff's failure to allege that Lampkin created or had any personal knowledge of a harmful condition sufficient to create a personal duty to Hunter Arrighi, or to otherwise allege any facts indicating that Lampkin had a personal duty to Hunter Arrighi, the breach of which specifically caused his damages.

Defendants submitted the affidavit of Roger A. McKelvie, Director of Safety for Celebration Station. McKelvie stated that Lampkin had no responsibility with regard to the layout, design or construction of the pond fountain system or golf course. McKelvie stated further that Lampkin's duties did not include any "personal responsibility or delegated duty for the layout or maintenance of the pond fountain system or the alleged valve" involved in the incident.[16] These facts are not contradicted by the plaintiff, and further support the conclusion that the record is devoid of any allegations or facts indicating that Lampkin, through his personal fault, specifically breached a personal duty owed to Hunter Arrighi. The claim alleged against Lampkin is nothing more than a claim that he negligently failed to fulfill his job duties, which are duties that he was generally obligated to perform for his

---

[16] Record document number 10-7, McKelvie Affidavit, ¶¶ 2 and 3.

employer and not personally owed to the injured plaintiff. Under *Canter* there is no basis for personal liability against Lampkin simply because he allegedly was negligent in carrying out his general job responsibility for inspecting the golf course. Defendants have met their burden of showing that under state law the plaintiff has no reasonable possibility of recovery against Lampkin.

**Remand Is Not Warranted on Procedural Grounds**

The remaining issue is whether the defendants' second removal is barred by the one year time limitation in § 1446(b). Plaintiff merely cited dates and asserted that removal is prohibited because of the time limit, and did not address the equitable exception under *Tedford*.[17]  Defendants essentially argued that the plaintiff has demonstrated a pattern of improperly joining nondiverse parties in an effort to defeat removal and keep this case in state court beyond the one year limit.

The record supports the defendants' *Tedford* arguments. For this reason, and two additional reasons, remand should not be granted based on any procedural defects under § 1446(b).

Defendants removed this case on February 10, 2010. Plaintiff filed the Motion to Remand on April 8, 2010. It is apparent the plaintiff's motion was filed well beyond the 30 day time limit

---

[17] Record document number 5-1, Plaintiff's Memorandum in Support, p. 6.

prescribed in § 1447(c).  Therefore, based on the language of the statute and the case law, the plaintiff's failure to timely file his motion to remand under § 1447(c) waived the right to object to any nonjurisdictional defects in removal, such as the one year time limit in § 1446(b).  Because the plaintiff's untimely motion waived his right to object, the Motion to Remand based on this alleged procedural defect must be denied.[18]

Even if the plaintiff had not waived his objection that the removal was barred by the § 1446(b) one year time limit, the provision would not be a bar in this case.  Under the statute and case law, the one year limitation on removal only applies to cases removed under the second paragraph of § 1446(b), which in turn only applies when "the case stated by the initial pleading is not removable."  Based on the Ruling on Motion to Remand after the first removal, this case was removable based on the initial pleading because the court determined that Barber and St. Martin were improperly joined.  Remand was not required until months later when the plaintiff was allowed to amend and add nondiverse defendant Corporate Green.  The case became removable again when Corporate Green's unopposed Motion for Summary Judgment was granted, but this does not change the fact that the case was initially removable.  Therefore, applying the language of the

---

[18] *See*, discussion of § 1447(c), *supra,* pp. 8-9; 14C Wright, Miller, Cooper & Steinman, Federal Practice and Procedure, § 3739, pp. 804-18 (4th ed. 2009).

statute and the Fifth Circuit case law, the one year time limit under the second paragraph of § 1446(b) does not apply to the second removal of this case.

Even if the plaintiff had timely moved to remand and the one year limitation applied, the circumstances would justify application of the equitable exception to the one year removal time limit. This suit began in state court on July 6, 2007, was removed to this court on August 2, 2007 and remained in this court until September 30, 2008, and the second removal did not occur until February 10, 2010.[19]  Nevertheless, the facts relied on by the defendants support a finding that it would not be equitable to strictly apply the one year time limit in this case. The following undisputed facts demonstrate that application of the equitable exception is warranted.

After the initial removal, the district judge ruled that the plaintiff had improperly joined two nondiverse defendants. Defendants had identified Corporate Green in an April 25, 2008 letter to plaintiff's counsel as the landscape company that maintained the "irrigation system."  Plaintiffs waited until the July 15, 2008 deadline for amending the pleadings to file the motion to add Corporate Green, another nondiverse defendant as a

---

[19] Record document number 1, Notice of Removal filed February 10, 2010; record document number 1-6, Petition for Damages filed July 6, 2007.

15

party.[20]  Plaintiff's motion was granted and the case was remanded for lack of diversity jurisdiction.[21]  However, before the court ruled on the plaintiff's motion to amend to add Corporate Green as a defendant, the plaintiff was provided information, including an affidavit from McKelvie, indicating that Corporate Green did not have any responsibility for the valve or pond fountain system involved in the incident.  In other words, there was no factual basis for a negligence claim against Corporate Green.[22]

The case was remanded on September 30, 2008, but the plaintiff did not serve Corporate Green until six months later.[23]  Other than service, nothing in the record shows that the plaintiff took any action in state court to pursue the claim against Corporate Green.  Shortly after service, Corporate Green served plaintiff with its initial discovery requests on April 30, 2009, but the plaintiff never responded to this discovery.  This resulted in certain critical facts being admitted by the plaintiff, namely, that

---

[20] Civil Action No. 07-545-JVP-SCR, record document number 38.

[21] *Id.,* record document numbers 47 and 48.

[22] Civil Action No. 07-545-JVP-DLD, record document number 45, Defendants' Objection to Report and Recommendation, Defendants Exhibit A (April 25, 2008 letter) and Exhibit B( McKelvie affidavit dated September 18, 2008); record document number 10, Defendants' Memorandum in Opposition, p. 12; record document number 10-6, Celebration Station's Answers in Interrogatories served on October 16, 2008, answer to Interrogatory Number 22.

[23] Corporate Green was served on April 8, 2009.  Record document number 1-6, pp. 44-46.

Corporate Green had no responsibility or control over the valve or pond fountain system involved in the accident.  However, Corporate Green remained a party and it filed a Motion for Summary Judgment on September 16, 2009.[24]  Plaintiff did not oppose the motion and it was granted on January 11, 2010.[25]

On January 7, 2010, just four days before Corporate Green's unopposed summary judgment was granted, the plaintiff filed his Second Supplemental and Amending Petition for Damages adding nondiverse defendant Lampkin.[26]  Plaintiff, then well aware of the law and analysis applicable to corporate officer/employee liability claims under *Canter*, named Lampkin based on conclusory allegations and without any factual basis for holding him personally liable.[27]

In response to the defendants' *Tedford* arguments, the plaintiff did not contest any of the defendants' assertions or offer any explanation for the substance or timing of the above actions on which the defendants rely.  There is nothing about this unexplained course of post-remand conduct that can be characterized

---

[24] Record document number 1-6, pp. 60-91, 95, 111-12.

[25] *Id.*; record document number 10, Defendants' Memorandum in Opposition, p. 12.

[26] Lampkin had been identified by the defendants in October 2009.

[27] Record document number 1-6, pp. 96-106; record document number 10-1, Defendants Exhibit 1 (Ruling on plaintiff's initial Motion to Remand); *see*, Improper Joinder of Lampkin analysis, *supra*, pp. 10-13.

as a reasonable litigation strategy for establishing the liability of individuals or entities that might be liable to Hunter Arrighi. In the 16 months between the initial remand and the granting of Corporate Green's summary judgment, it appears that the plaintiff took no action to press his claim against Corporate Green other than to serve it.  Plaintiff had information indicating that there was no basis for a claim against Corporate Green, but did not conduct discovery or respond to Corporate Green's discovery, and did not voluntarily dismiss the claim.  Instead, the plaintiff waited for Corporate Green to file a Motion for Summary Judgment which he did not oppose.

Considering this conduct as a whole, the only reasonable conclusion is that the plaintiff knew he lacked a factual basis for the claim against Corporate Green, but maintained this defendant in the case to get beyond the one year time limit for removal.  When it became apparent that the plaintiff could no longer keep Corporate Green as a party, the plaintiff immediately named another nondiverse defendant based on an unsupported officer/employee liability claim to prevent a second removal.  Plaintiff's unexplained actions and delay establish that the actual motive was not to assert viable claims against potentially liable defendants, but rather to keep a Louisiana citizen as a defendant and thereby keep the case in state court.

In some instances the fact of substantial progress in state

court can shift the analysis such that it is not equitable to extend the one year time limit for removal. About six weeks before the second removal, the state court judge set a July 12, 2010 trial date.[28] This indicates substantial progress in state court. However, because the state court trial date has passed, this factor does not turn the equities against extension of the one year time limit. Whether the case is remanded or stays in this court, the only tasks left are to finish up any remaining fact discovery, complete expert discovery and set the case for trial. Approximately three months after the defendants' second removal this court issued a case scheduling order and there is no indication that this matter has not stayed on the track set in that order.[29] Therefore, continuing the case in this court will not unduly delay the ultimate resolution of the plaintiff's claims. Defendants have met their burden of establishing that the record in this case supports an equitable exception under *Tedford*.

## Conclusion

Defendants Celebration Station Properties, Inc. and Century Surety Company established that nondiverse defendant Justin Lampkin

---

[28] Record document number 1-6, p. 110.

[29] On May 6, 2010 the parties filed a status report in which they were in substantial agreement on the discovery and deadlines needed to move the case to trial. Based on the report the scheduling order was entered and the scheduling conference was cancelled. Record document numbers 11 and 12. Fact discovery due to be completed by September 30, 2010.

was improperly joined and that the court has diversity jurisdiction.  Plaintiff waived any alleged nonjurisdictional defects in removal under § 1447(c) by not filing the motion to remand within 30 days after the defendants filed their notice of removal.  Even if the plaintiff had not waived his objection, the case should not be remanded because: (1) the one year limitation on removal under the second paragraph of § 1446(b) is not applicable since this case was initially removable, and (2) if the one year time limit is applicable the record in this case supports an equitable extension of the one year under *Tedford*.  Therefore, the defendants have demonstrated that the case was properly removed under §§ 1441(a) and 1446(b).

### Recommendation

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff David Arrighi, individually and on behalf of his minor child, Hunter Arrighi be denied.

Baton Rouge, Louisiana, September 14, 2010.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE